UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                     07-CR-6022L

                  v.

MATTHEW NIX,

                              Defendant.
_____

This matter came on for sentencing on October 17, 2008, on the guilty plea of defendant Matthew Nix ("Nix") pursuant to a Plea Agreement to two counts of the indictment. The Government had moved for departure for Nix based on his cooperation but only moved under 18 U.S.C. § 3553(e) on Count I, not on Count II, which charged a violation of 18 U.S.C. § 924(c) and subjected Nix to a statutory five-year minimum consecutive sentence.

The Court heard argument and the issue was whether under the Plea Agreement the Government could move for departure on one but not the other count. Defendant's cooperation was extensive and extraordinary. After considering all the matters, the Court sentenced Nix on Count I to 24 months and on Count II to 24 months, consecutive, for an aggregate sentence of 48 months. The Judgment and Commitment reflecting that sentence was filed October 22, 2008.

The Government now moves (Dkt. #35) for reconsideration of the Court's sentencing findings and decision. The Court has no authority now to change its sentence but I do not read the Government's motion as suggesting that I do so. Rather, the Government seeks clarification of the Court's findings and basis for the sentence. The Court will, therefore, clarify and elucidate the rationale for the sentence and its decision to impose a sentence on both counts below the statutory minimum.

In my view, the Plea Agreement between Nix and the Government was unclear and, therefore, ambiguous as to whether the Government, fully satisfied with Nix's cooperation, could, nonetheless, only move for a departure under § 3553(e) on only one of the two counts. The Plea Agreement is, of course, a contractual obligation and the Government is obligated to comply with the terms of that contract. Since the Government is the principal author of the document and has virtually complete control over its content, any confusion or ambiguity must be held against it. I found that the Plea Agreement was unclear and that Nix did not anticipate that he could fully comply with its terms by cooperating, but the Government could move on only one of the two mandatory minimum counts. An objective reading of the document also suggests ambiguity. Therefore, based on my interpretation of the contract, once the Government moved under § 3553(e), under this particular Plea Agreement, and based on the extraordinary cooperation of Nix, the departure motion applies to both counts.

The Court also considered all relevant factors under § 3553(a) as well in determining the appropriate sentence.

CONCLUSION

The Government's motion (Dkt. #35) for reconsideration and clarification as to the basis for the Court's sentence is granted as set forth above. To the extent the Government seeks a change of the Court's sentence, that is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 28, 2008.